**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JENNIFFER VALERIA FARIAS-ORTEGA, et al.,** | **Civil Action No.  25-17848 (RK)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

This matter comes before the Court on an Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 10) and a Motion for a Temporary Restraining Order (ECF No. 11) brought by Jennifer Valeria Farias-Ortega, a citizen of Ecuador who has been detained at Delaney Hall in Newark, New Jersey for nearly 10 months.  For the reasons explained below, the Court finds that her detention has become unreasonably prolonged and GRANTS the Petition on that basis.

## I.   **RELEVANT BACKGROUND**

Petitioner alleges in the Amended Petition that she entered the United States on May 3, 2022, with her two minor children, after she fled Ecuador due to gender-violence persecution. (ECF No. 10, Amended Petition at  ¶¶ 42-43.)  Documents submitted by Respondents show that on May 3, 2022, Customs and Border Patrol ("CBP") encountered Petitioner near the United States/Mexico border in Texas, determined that she had unlawfully entered without being inspected or paroled, and took her into custody.  (ECF No. 6-1 (Form I-213 dated May 4, 2022 at 2).)  CBP determined that Petitioner was inadmissible under INA § 212 (a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of a valid unexpired entry documents and

transferred her for further processing.  (ECF No. 6-2 (Unexecuted Notice and Order of Expedited Removal dated May 4, 2022 at 1.)  While in CBP custody, Petitioner claimed a fear of persecution if returned to Ecuador.  (*Id.*)  According to Petitioner, she and her children were "released" from custody, and she was not issued a Notice to Appear at that time.  (*Id.* at ¶¶ 8, 43-44.)

Petitioner subsequently applied for asylum, but her asylum application was dismissed by U.S. Citizen and Immigration Services ("USCIS") on June 4, 2025, because she had not undergone the credible fear screening.  (ECF No. 6-3 (Notice of Dismissal dated June 4, 2025).)  On August 12, 2025, the Department of Homeland Security ("DHS") belatedly conducted a credible fear screening and placed Petitioner in full removal proceedings under 8 U.S.C. § 1229a, and she was detained the same day.  (*See* ECF No. 1-12 (Notice to Appear); ECF No. 10, Amended Petition at ¶¶ 1-2.)

The Immigration Court subsequently granted DHS's motion to "pretermit" Petitioner's asylum application on November 3, 2025, and ordered her removed to Honduras.  (ECF No. 1-14 (IJ Order); ECF No. 1-13 (DHS Motion to Pretermit).)  Petitioner appealed her order of removal to the Board of Immigration Appeals ("BIA") on November 28, 2025.  (ECF No. 7-4 (Payment Receipt for appeal).)  According to Petitioner's counsel, no briefing schedule has been set for that appeal (*see* ECF No. 10, Petition at ¶¶ 52-65; *see also* ECF No. 17), a fact which Respondents do not dispute.

During this nearly 10-month period, Petitioner has been detained at Delaney Hall and separated from her children.  She has submitted a Declaration from her mother, who is caring for her children in her absence.  (ECF No. 1-7, at ¶¶ 6-10.)  Petitioner's mother alleges that Petitioner's minor son has a heart condition, pre-diabetes, and high blood pressure, and that Petitioner's

daughter suffers from asthma; Petitioner's health insurance was allegedly cancelled due to her detention, causing the children to miss scheduled medical appointments. (*Id.*)

In her Amended Petition (ECF No. 10), Petitioner disputes the lawfulness of her detention under 8 U.S.C. § 1225(b) and alternately contends that her detention under § 1225(b) has become unreasonably prolonged; she requests immediate release or a bond hearing at which the government bears the burden of proving that continued detention is necessary. (*See* Am. Pet. ¶¶ 70-76, 87-114, 116-17.)  She has also filed a Motion for Temporary Restraining Order seeking relief on her prolonged detention claim in the form of an individualized bond hearing at which the government must justify her continued detention by clear and convincing evidence. (*See* ECF No. 11.)

According to Respondents, Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1)(B)(ii), which mandates the detention of noncitizens (i) apprehended near the border, (ii) placed into expedited removal proceedings, and (iii) who pass a credible-fear screener interview for an asylum claim. (ECF No. 6, Answer at 1.) In response to this Court's Order to Show Cause, Respondents also contend that her detention, now approaching 10 months, is not unreasonably prolonged. (ECF Nos. 13, 15.)

## II.    **DISCUSSION**

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that his custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  A petitioner may seek § 2241 relief only in the district in which he or she is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009).  This Court has jurisdiction over Petitioner's

claims as she is detained within this district and allege that her custody violates the Due Process Clause of the Fifth Amendment.

The Court briefly addresses the statutory authority for Petitioner's detention, which is disputed.  It is well established that a noncitizen like Petitioner who enters the United States and is detained shortly after making an unlawful crossing of the border may be subject to expedited removal under § 1225(b)(1).  *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020).  Applicants covered by § 1225(b)(1) may be removed "without further hearing or review" pursuant to an expedited removal process unless she "indicates either an intention to apply for asylum . . . or a fear of persecution[,]" in which case she is referred for an asylum interview.  8 U.S.C. § 1225(b)(1)(A)(i)-(ii).  Detention under § 1225(b)(1) is mandatory, *see* 8 U.S.C. §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), but the government may, in its discretion, temporarily parole such noncitizens "for urgent humanitarian reasons or significant public benefit."  *Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018).

The record in this matter establishes that Petitioner was encountered by CBP on May 3, 2022, the same day she entered the United States; she was issued a notice of expedited removal, and referred for a credible fear hearing.  In 2022, § 1225(b)(1)(A)(iii)(II) applied to noncitizens who were not admitted or paroled and encountered within 14 days of entry and 100 miles of the border.  *See Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016) (explaining that Section 1225(b)(1) applies to "arriving aliens" and those aliens "encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border").  Thus, this provision plainly applied to Petitioner when she was apprehended in May 2022.  Whether Petitioner is still subject to § 1225(b)(1) is a more difficult question that the Court need not address

in this case.[1] Instead, the Court accepts Respondents' position that they are detaining Petitioner under § 1225(b)(1) but finds that Petitioner's mandatory detention has become unreasonably prolonged and grants habeas relief on that basis.

It is well established that the Due Process Clause prohibits the unreasonably prolonged detention of a noncitizen who has a final order of removal where there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 682, 701 (2001) (applying the canon of constitutional avoidance and setting a rebuttable six-month limitation on post-final order detention). Here, Petitioner does not have a final order of removal, and Respondents are detaining her on a mandatory basis under 8 U.S.C. § 1225(b)(1). Whether noncitizens detained under § 1225(b) have due process rights to avoid prolonged detention has not been addressed by the Supreme Court or the Third Circuit. *See, e.g.*, *Maksaddzhon A. v. Pittman*, No. 25-13734, 2025 WL 3648710, at *2 (D.N.J. Dec. 17, 2025) (noting that "neither the United States Supreme Court nor the Court of Appeals for the Third Circuit has directly addressed" this issue.) In *Jennings v. Rodriguez*, the Supreme Court held that "nothing in the statutory text [of § 1225(b)] imposes any limit on the length of detention." 583 U.S. at 297 (holding that the plain language of 8 U.S.C. §§ 1225(b), 1226(c), and 1226(a) do not require periodic bond hearings every six months). The *Jennings* Court did not determine whether noncitizens subjected to prolonged

---

[1] Petitioner alternately disputes that she is still subject to mandatory detention or removal proceedings under § 1225(b)(1) and also claims that she was released from custody in 2022 under 8 U.S.C. § 1226(a) but has provided no evidence showing she was released on recognizance, bond, or conditional parole. And according to Supreme Court precedent, mandatory detention is the rule for noncitizens who are apprehended at or near the border, and the only exception is temporary parole under § 1182(d)(5)(A). Because the Court grants habeas relief on the basis of prolonged detention, it declines to reach Petitioner's other arguments that subjecting her to detention or removal procedures under § 1225(b)(1) is unlawful.

detention under those statutes are entitled to bond hearings as a matter of due process. *See id.* at 312.

Subsequently, in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210 (3d Cir. 2020), the Third Circuit addressed the due process rights of permanent residents who are mandatorily detained during removal proceedings under 8 U.S.C. § 1226(c) due to qualifying criminal convictions. The circuit court held that "an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause" and that the Due Process Clause demands a bond hearing once detention has become "unreasonably prolonged." *Id.* at 210–11.

Prolonged detention is a "highly fact-specific inquiry" without a bright line. *German Santos*, 965 F.3d at 210. There are four factors for consideration: (1) the duration of the petitioner's detention; (2) the likelihood of continued detention; (3) the reasons for any delay; and (4) the conditions of the petitioner's confinement. *German Santos* 965 F.3d at 211-12 (citing the factors in *Chavez-Alvarez v. Warden York C'ty Prison*, 783 F.3d 469, 475-78 (3d Cir. 2015)). "The most important factor is the duration of detention," and "a lawful permanent resident's detention [becomes] unreasonable sometime between six months and one year." *See id.* at 211 (citing *Chavez-Alvarez*, 783 F.3d at 475-78). In addition to the length of detention, the Court must consider the likelihood of continued detention, and "[w]hen the noncitizen's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *See id.* (citing *Chavez-Alvarez*, 783 F.3d at 477–78). Courts must also consider the reasons for any delays, including "whether either party made careless or bad-faith 'errors in the proceedings that caused unnecessary delay.'" *Id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 232 (3d Cir. 2011)). However, courts "do not count [a petitioner's] good-faith challenge

to his removal against him, even if his appeals or applications for relief have drawn out the proceedings." *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 476–77).  Finally, courts must consider whether the noncitizen's "conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id.* (quoting *Chavez-Alvarez*, 783 F.3d at 478).

Lower courts in the Third Circuit, including this Court, have applied the *German Santos* factors in analyzing whether prolonged detention under § 1225(b) violates due process.  *See, e.g.*, *Pierre v. Doll*, 350 F. Supp. 3d 327, 332 (M.D. Pa. 2018) (agreeing with the "weight of authority" finding that arriving aliens detained pre-removal under § 1225(b) have a due process right to an individualized bond consideration once it is determined that the duration of their detention has become unreasonable); *Maksaddzhon A.*, 2025 WL 3648710, at *3 (same); *Tuser E. v. Rodriguez*, 370 F. Supp.3d 435, 443 (D.N.J. 2019) (same); *A.L. v. Oddo*, 761 F.Supp.3d 822, 826 (W.D. Pa. 2025) (same); *Mashchenko v. Rokosky*, No. 25-12387, 2026 WL 185204, at *2-3 (D.N.J. Jan. 25, 2026) (same).

The Court applies the *German Santos* factors in assessing whether Petitioners' detention has become unduly prolonged and thus violates her due process rights. The Court begins with the length of Petitioner's detention and the likelihood of her continued detention, which is all but guaranteed due to her appeal of the IJ's removal order and will very likely push her detention beyond the twelve-month outer limit in *German-Santos*.  *See also Banda v. McAleenan*, 385 F. Supp.3d 1099, 1119 (W.D. Wash. 2019) (noting that an appeal to BIA and petition for review to the circuit court "may take up to two years or longer").  And even if the Court gives greater weight to the current length of detention, courts in this circuit and elsewhere have found similar lengths of detention unduly prolonged.  *See A.L.*, 761 F. Supp.3d at 826 (nearly ten-month detention unreasonable where petitioner was granted withholding of removal but denied asylum and both

parties appealed); *Frank B. v. Green*, Civ. No. 19-346, 2020 WL 1673026, at *4 (D.N.J. Apr. 6, 2020) (finding eleven-month detention unreasonable where the BIA had granted the petitioner's motion to reopen proceedings); *Amado v. United States Dep't of Just.*, No. 25-CV-2687-LL-DDL, 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."); *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (finding detention for nearly nine months weighs in favor of the petitioner). Here, Petitioner has been detained for nearly 10 months, "an unreasonably long time, and there is no end in sight." *German Santos*, 965 F.3d at 213. For these reasons, the *German Santos* factors assessing the current length of detention and the likelihood that detention will continue strongly weigh in her favor.

The remaining factors also weigh in her favor. There is no evidence that either party has acted in bad faith. It is also undisputed that Petitioner is detained in a jail-like setting and is separated from her minor children who have serious medical conditions. Her conditions of confinement are not "meaningfully different" from criminal punishment, *German Santos* 965 F.3d at 212, and the impact is exacerbated by family separation.

In sum, the Court finds that "[g]iven its length, likelihood of continuing, and conditions, [Petitioner's detention] has become unreasonable." *German Santos*, 965 F.3d at 212. The remedy for prolonged detention is a bond hearing at which DHS has the burden to show danger to the community or flight risk by clear and convincing evidence. *See German Santos*, 965 F.3d at 213; *A.L.*, 761 F.Supp.3d at 824 (declining to order the petitioner's immediate release and directing instead that he be provided a prompt bond hearing); *Tuser E.*, 370 F. Supp.3d at 443 (placing the burden on the government at bond hearing to show that noncitizen is a flight risk or a danger to

the community); *A.L.*, 761 F.Supp.3d at 826 (same); *Maksaddzhon*, 2025 WL 3648710, at *3 (same).

III.    **CONCLUSION**

For the reasons stated in this Memorandum Opinion, the Court grants the Amended Petition and directs Respondents to provide each Petitioner with an individualized bond hearing within seven (7) days.  At the bond hearing, the burden shall be on the government to show by clear and convincing evidence that the Petitioner is a danger to the community or a flight risk.  The TRO motion (ECF No. 11) shall be terminated considering the relief provided on the underlying Amended Petition.  An appropriate Order follows.

_____
ROBERT KIRSCH
United States District Judge